UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHEELA URSAL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM INC.,<br><br>　　　　　　　Defendant. | Case No.: 19-cv-1701-BJR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.　INTRODUCTION

Plaintiff Sheela Ursal ("Plaintiff") brings this employment-related lawsuit against Defendant Amazon.com, Inc. ("Amazon"). Dkt. No. 21. She asserts four claims against Amazon, each of which arises under Washington law and is subject to three-year statutes of limitations. The claims are based on actions that occurred on or before October 17, 2016, the date on which Plaintiff's employment with Amazon was terminated. Plaintiff instituted this lawsuit on October 17, 2019—exactly three years after her termination date. Dkt. No. 1, Ex. 1. However, Plaintiff did not serve Amazon with a Summons until February 13, 2020, more than 90 days after she filed her complaint. Dkt. No. 24. Amazon argues that because Plaintiff did not serve it within 90 days of filing the complaint, the relevant statutes of limitations were not tolled under RCW

1

4.16.170, and her claims became time-barred on January 15, 2019 (*i.e*., 90 days after she filed the complaint).

Currently before the Court is Amazon's motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as time barred. Dkt. No. 25. Plaintiff opposes the motion. Dkt. No. 26. Having reviewed the motion, Plaintiff's opposition, Amazon's reply thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.[1]

## II. BACKGROUND

Plaintiff was employed by Amazon from December 2014 until Amazon terminated her employment on October 17, 2016. Dkt. No. 21 at ¶¶ 4.1, 4.32. Plaintiff alleges that during her employment with Amazon, she was repeatedly subjected to sexual harassment by her supervisors and co-workers and that, despite repeatedly seeking help from Amazon's Human Resources Department and other senior level employees, the harassment did not stop. *Id*. at ¶¶ 4.3-4.34. Rather, Plaintiff alleges, the harassment escalated. *Id*. Plaintiff alleges that as a result of the harassment, she became emotionally distressed to the point that she took a four month leave of absence from work based on the advice of her physician. *Id*. at ¶ 4.35. Plaintiff claims that when she returned from her leave of absence, Amazon terminated her employment. *Id*. According to Plaintiff, Amazon fired her in retaliation for complaining about the alleged sexual harassment and for taking a leave of absence based on her emotional distress. *Id*. at ¶¶ 5.1-8.4. Plaintiff sued Amazon for wrongful termination, retaliation, and gender and disability discrimination.

Plaintiff originally filed this action in King County Superior Court on October 17, 2019. Dkt. No. 1, Ex. 1. Amazon removed the case to the United States District Court for the Western

---

[1] Amazon moves to dismiss Plaintiff's claims on other grounds, but because the timeliness defects are dispositive in this case, the Court will not address the remainder of Amazon's arguments.

2

District of Washington on October 22, 2019, based on diversity jurisdiction. Dkt. No. 1. Plaintiff filed an amended complaint on February 7, 2020 and effected service on Amazon on February 13, 2020. Dkt. Nos. 21 & 24. Amazon filed the instant motion to dismiss on March 3, 2020. Dkt. No. 25. The motion is now ripe and ready for this Court's review.

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   DISCUSSION

As stated above, Amazon argues that Plaintiff's claims against it must be dismissed as a matter of law because they are time-barred. The parties agree that each of Plaintiff's claims arises under Washington law and is subject to three-year statutes of limitations. The parties further agree that each of Plaintiff's claims is time-barred unless the statutes of limitations

governing her claims were tolled under RCW 4.16.170 when she filed her lawsuit. This is where the parties' opinions diverge. Amazon argues that Plaintiff failed to satisfy the requirements under RCW 4.16.170 for tolling the statutes of limitations; Plaintiff counters that the requirements have been met.

RCW 4.16.170 establishes when and under what circumstances statutes of limitations are tolled under Washington law. The statute provides as follows:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. *If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations*.

*Id*. (emphasis added). Thus, in order to toll a statute of limitations under RCW 4.16.17, two things must occur: (1) either the defendant is served with a summons or the complaint is filed, and (2) if the defendant is served first, the complaint must be filed within 90 days of service or if the complaint is filed first, at least one defendant is served within 90 days from the date on which the complaint was filed. Both conditions must be satisfied before a statute of limitations is tolled pursuant to RCW 4.16.170. *See O'Neil v. Farmers Ins. Co. of Wash*., 125 P.3d 134, 137 (Wash. Ct. App. 2004) (citations omitted) ("Washington courts have repeatedly held that the filing of a complaint does not constitute the commencement of an action for the purpose of tolling the statute of limitations. It is still necessary for the plaintiff to serve a defendant within 90 days of the date of filing in order for the commencement to be complete."); *McCarthy v. Farwell*, 2012 WL 10390, *2 (W.D. Wash. January 3, 2012) (quoting RCW 4.16.170) ("Washington law specifically states that if service is not made within ninety days of filing of the complaint, 'the

4

action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.'").

Here, the parties agree that Plaintiff filed the Complaint in this lawsuit on October 17, 2019, exactly three years from the date that she was fired by Amazon. Therefore, Plaintiff completed the first step required under RCW 4.16.170 in order to toll the relevant three-year statutes of limitations. However, RCW 4.16.170 also required Plaintiff to serve Amazon with a summons no later than January 15, 2020 (*i.e.*, ninety days from October 17, 2019—the day on which Plaintiff filed the complaint) before the lawsuit was considered "commenced" for tolling purpose. It is undisputed that Plaintiff did not serve Amazon with a summons under February 12, 2020—117 days after she filed the complaint. Therefore, Amazon argues, Plaintiff failed to "commence" this action within the requisite three-year period for purposes of tolling the statute of limitations and her claims must be dismissed as time barred.

Plaintiff counters that her claims are not time barred because Amazon had notice of the lawsuit when it removed the action from King County Superior Court on October 22, 2019. Plaintiff points out that Amazon "of its own volition [] obtained the Summons and Complaint from the King County Superior Court, was in possession of these documents, and then chose to remove this litigation to the Western District all well within the 90 days contemplated by RCW 4.16.170." Dkt. No. 26 at 2. According to Plaintiff, "[s]ervice was thereby effected under the statute." *Id.* at 3.

Plaintiff is mistaken. The requirement under RCW 4.16.170 to toll the statute of limitation is not simply that a defendant has notice of a pending lawsuit; rather, the plaintiff must serve a copy of the summons on the defendant. "Washington courts require strict compliance with the state's service of process requirements." *Whidbee v. Pierce County*, 857 F.3d 1019,

1022 (9th Cir. 2017). "[M]ere receipt of process and actual notice alone do not establish valid service of process." *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1031, 1075 (Wash. 1987); *Gross v. Sunding*, 161 P.3d 380 (Wash.App. 2007) (holding that action was time barred despite defendant's knowledge of plaintiff's attempts to serve process).

Washington Courts and courts applying Washington law routinely dismiss complaints as time-barred for failing to serve defendants within RCW 4.16.170's 90-day requirement. *See*, *e.g.*, *Hammond v. Ortho-McNeil Pharm, Inc.*, 2015 WL 6550659 at *2-3 (W.D. Wash. Oct. 28, 2015) (granting summary judgment on state claims as time-barred under RCW 4.16.170 because defendant was not served until 91 days after complaint was filed); *McCarthy v. Farwell*, 2012 WL 10390 at *2-4 (W.D. Wash. Jan. 3, 2012) (same result where defendant was not served until 117 days after complaint was filed); *Jones v. City of Bremerton*, 2014 WL 1248023 at *1-2 (W.D. Wash. Mar. 25, 2015 (dismissing state claims under Rule 12(b)(6) as untimely under RCW 4.16.170); *Richard v. Kelsey*, 2009 WL 3245426 at * 2 (W.D. Wash. Oct. 5, 2009) (same); *Chi v. Allstate Ins. Co.*, 2009 WL 2473512 at *4 (W.D. Wash. Aug. 6, 2009) (granting summary judgment on negligence and bad faith claims due to failure to serve process within 90 days allowed under RCW 4.16.170); *Banzeruk v. Estate of Howitz ex rel. Moody*, 135 P.3d 512, 514 (Wash. App. 2006) (affirming summary judgment dismissal of personal injury claims as time-barred under RCW 4.16.170).

*McCarthy v. Farwell* is particularly instructive. 2012 WL 10390 (W.D. Wash. Jan. 3, 2012) (applying Washington law). In *McCarthy*, the plaintiff instituted an action against the defendants based on his August 2, 2008 arrest. The plaintiff filed his complaint on July 12, 2011 and mailed waivers of personal service to the defendants on August 28, 2011. The defendants filed a notice of appearance on September 14, 2011, but never returned the waivers of service.

The defendants eventually moved for summary judgment on the plaintiff's claims, arguing that the statute of limitations had expired because the plaintiff had not timely served them. The district court agreed with the defendants' assessment of Washington law stating:

> Once [the plaintiff] filed a complaint on July 12, 2011, he had ninety days to serve a defendant in order to commence his suit and thereby toll the statute of limitations. Although McCarthy's counsel sent waivers of service to Defendants and expected that those would be returned, McCarthy has not provided any authority that Defendants were required to return such waivers, or that the Court has discretion to toll the statute of limitations based on Defendants' failure to return the waivers of service. In addition, although McCarthy filed a motion for extension of time to serve Defendants, he failed to provide the Court with any authority that it has discretion to extend such time when the applicable statute of limitations has run. Therefore, because McCarthy failed to serve any of the Defendants [within the requisite 90 days], under Washington law, the statute of limitations has run on his claims."

*McCarthy*, WL 2012 10390, *3 (W.D. Wash. Jan. 3, 2012) (citations omitted); *see also Richard v. Kelsey*, 2009 WL 3245426 (W.D. Wash. October 5, 2009) (applying Washington law) (holding that the statute of limitations had expired when plaintiff had timely served one defendant, but later dismissed that defendant before timely serving the remaining defendants).

As in *McCarthy*, the mere fact that Amazon had notice of this lawsuit within the 90-day period was not sufficient to toll the statute of limitations under RCW 4.16.170. Nor has Plaintiff demonstrated that this Court has the authority to extend RCW 4.16.170's 90-day requirement if it were inclined to do so. Rather, the Washington Supreme Court has determined that "the language of RCW 4.16.170 [is] straightforward and unambiguous…" *Sidis v. Brodie/Dohrmann, Inc.*, 815 P.2d 781, 782-83 (Wash. 1991). The Washington Supreme Court has further instructed that statute of limitations are "properly the realm of the Legislature, and the fairness of such statutes should generally be left to the Legislature to determine." *Id.* at 783; *see also Patrick v. DeYoung*, 724 P.2d 1064, 1067 (Wash. Ct. App. 1986), *overruled on other grounds*, *Sidis* v. *Brodie/Dohrmann, Inc.*, 815 P.2d 781 (1991) ("if we were to permit the trial court to extend the

statute of limitations at its discretion, we would be permitting it to trespass into the legislative arena. What constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature.").

## V. CONCLUSION

Based on the foregoing, the Court hereby GRANTS Amazon's motion to dismiss Plaintiff's claims with prejudice as time barred. The case is HEREBY DISMISSED.

Dated this 26th day of May 2020.

Barbara Jacobs Rothstein
U.S. District Court Judge