**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEELA URSAL,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>            Defendant-Appellee. | No. 20-35537<br><br>D.C. No. 2:19-cv-01701-BJR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Sheela Ursal appeals pro se from the district court's judgment dismissing her diversity action alleging Washington state law claims arising from her employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

applicable statute of limitations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Ursal's action as time-barred because Ursal failed to serve defendant within 90 days of the date of filing her complaint, and thus her action was not deemed commenced for purposes of tolling the statutes of limitations. *See* Wash. Rev. Code § 4.16.170 (if service is not made within ninety days of the date of filing the complaint, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations"); *O'Neill v. Farmers Inc. Co. of Wash.*, 125 P.3d 134, 137 (Wash. Ct. App. 2004) (explaining that "Washington courts have repeatedly held that the filing of a complaint does not constitute the commencement of an action for the purposes of tolling the statute of limitations," and "[i]t is still necessary for the plaintiff to serve a defendant within 90 days of the date of filing in order for the commencement to be complete"); *Washington v. Boeing Co.*, 19 P.3d 1041, 1045, 1050 (Wash. Ct. App. 2000) (three-year statute of limitations for claims brought under Washington Revised Code chapter 49.60 and for negligent infliction of emotional distress).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ursal's motion to supplement the record on appeal is denied.

**AFFIRMED.**